Modified.

**MARTIN v. FRIENDLY.**
Patent Appeal No. 3129.

Court of Customs and Patent Appeals.
May 22, 1933.

Chas. M. Candy and R. G. Richardson, both of Chicago, Ill., for appellant.

George E. Mueller, of Chicago, Ill., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an interference proceeding arising in the United States Patent Office, involving solely the question of appellee's right to make the counts at·issue.

These counts, four in number, are claims of patent No. 1,640,551, granted to Martin August 30, 1927, upon an application filed June 30, 1920, for improvements in automatic telephone systems. They were copied by Friendly into his application, serial No. 362,-321, filed March 1, 1920, and renewed August 31, 1928, the application being entitled "Improvement in Selectors."

Following the declaration of the interference, Martin's assignee moved to dissolve same upon the ground that Friendly had no right to make the claims corresponding to the counts, and specifically alleged that the counts "are misdescriptive of his [Friendly's] disclosure."

The interference embraced two counts as to which the Law Examiner granted the mo-. tion to dissolve, but same was denied as to counts 1 to 4, inclusive, ·and judgment of priority as to the latter was entered by the Examiner of Interferences against Martin, upon the record. Upon appeal the Board of Appeals affirmed the decision of the Examiner ·of Interferences, expressing full concurrence in the decision of the Law Examiner, and from the decision of the Board of Appeals the appeal to this court was taken.

Count 1 is quoted as illustrative: "1. In a telephone system, means including a plurality of serially related directively controlled automatic switches for connecting a calling and a called subscriber's line, said plurality of switches including a first selector having a single set of wipers, a different and lesser plurality of similar switches for connecting the said calling line with another called line, a uniform numbering system in which all of the said subscribers have the same number of digits in their telephone numbers, and means in the first selector used in calling the

said second called line for canceling one of the digits in the number thereof."

It is argued on behalf of Martin that Friendly's application is directed to an entirely different invention from that of Martin; that the Board of Appeals erred in holding that Friendly's selector cancels a digit; that Friendly's drawings admittedly do not disclose the invention and material features of the counts are not mentioned in the specification, and that the specification does not meet the requirements of section 4888 of the Revised Statutes (35 USCA § 33) for "full, clear, concise and exact" terms of description.

The following quite lucid explanation of the specific. subject-matter involved in the counts is quoted from the decision of the Law Examiner: "According to the specification of the Martin patent, the system defined in the counts is designed for the purpose of permitting convenient expansion thereof although the counts are not limited to structure excluding systems except those which may be easily expanded. When an office includes so few lines that it is unnecessary to extend a calling line serially through a first, second and third selector, for example, but only two of these selectors are required in the series extending the line, it is desirable nevertheless to assign numbers to the called lines so that as many dialling strokes will be required as if extension to the called lines required the use of three selectors. In the parts of the system using one less selector in the series extending the· line, therefore, it is necessary that the first selector or some other part of the system "absorb" or nullify one of the dialled digits and the patentee accomplishes this by so arranging the first selector that it will restore to. normal in response to the first digit dialled. Upon dialling the second digit the first selector functions normally. The modified first selector may be easily changed to a normal selector when the system so expands that the series of switches required to extend the calling line may not be abbreviated. The numbers of the called lines need not be altered in such an expansion."

It is noted that Friendly in his letter accompanying his petition for renewal of August 31, 1928, says: " * * * It is admitted that the drawings accompanying the instant application do not in themselves alone disclose the structure called for in all the Martin patent claims copied for interference. The specification, apart from the drawings, must be relied upon to disclose some of the structure called for in these copied claims."

It was further said in Friendly's letter that the Martin patent disclosure failed to illustrate "the mechanical structure and a very large portion of the auxiliary circuits which come into play in establishing connections," but that these were familiar to those skilled in the art, and attention was drawn to certain recitals of his (Friendly's) specification. The letter states:

"The paragraph starting in line 16, page 5 and the sentence starting the next following paragraph, in the instant application is quoted as follows to show that the drawings were intended merely to disclose an exemplary embodiment in such a manner that other mentioned applications of the invention in telephone systems would be readily comprehended by telephone men without actually illustrating these applications by specific drawings and detailed descriptions thereof:

" 'Other objects of the invention, and the invention itself will be clear from the following description thereof.

" 'The illustrative application of the present invention chosen is its employment as a special second selector having the two-fold object of protecting the system against erroneous calls when the calling party inadvertently introduces an impulse preliminary to manipulating the calling device in making a call and of diverting such vitiated calls to the "traffic" operator's switchboard.'

"Moreover, the paragraph starting in line 23, on page 17 states:

" 'The selector Fig. 2 has wide uses in the art other than exampled. For example, another use is as a first selector, and when so used in a multi-office exchange it will function as a first selector and also as a local second selector, this obviating the installation of specific local second selectors.' "

It is pertinent just here to recite that, as to certain of the subject-matter which is before us, there has been already an adjudication by this court. This was before us in the case of Martin v. Friendly, 58 F. (2d) 421, 19 C. C. P. A. 1181, the same being another interference proceeding, No. 56,806, between the same parties. It involved an application of Friendly, filed May 29, 1917, and the same Martin patent which is here involved. There, as here, the sole question at issue was the right of Friendly to make the claims corresponding to the counts. There, as here, the tribunals of the Patent Office concurred in holding that Friendly did have such right, and we there affirmed the decision of the Board of Appeals.

Among the counts there awarded Friendly was one (No. 12 of that interference) which read as follows: "12. In a telephone system, means including a plurality of serially related directively controlled automatic switches for connecting a calling and a called subscriber's line, a different and lesser plurality of similar switches for connecting the said calling line with another called line, a uniform numbering system in which all of the said subscribers have the same number of digits in their telephone numbers, and means in one of the switches used in calling the said second called line for canceling one of the digits in the number thereof."

It will be noted that the last element of the aforesaid count is "means in one of the switches used in calling the said second called line for canceling one of the digits in the number thereof," which is the same in meaning as the last element of count 1, supra. Indeed, a comparison of count 1, supra, of the present interference with count 12, supra, of the former, discloses that the only feature of count 1 not called for by said count 12 is, "a first selector having a single set of wipers." As to all features except this, therefore, the decision in Martin v. Friendly, supra, is regarded by us as being practically res adjudicata, and as to this particular feature it is obviously disclosed in Figure 2 of Friendly's drawings.

All that is really controversial in this case was quite fully argued in the former proceeding, and was there passed upon. Nothing in this record leads us to conclude that there is any justification for reaching any different conclusion here than was reached there.

The decision of the Board of Appeals is affirmed.

Affirmed.