Affirmed.

GRAHAM, P. J., did not participate.

24 C.C.P.A.(Patents)
### In re LYON.
### Patent Appeals No. 3687.

Court of Customs and Patent Appeals.
March 22, 1937.

For former opinion, see 86 F.(2d) 824.

The Firm of Charles W. Hills, of Chicago, Ill. (Charles W. Hills, Jr., Charles F. Meroni, Donald J. Simpson, and Alexander C. Mabee, all of Chicago, Ill., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

PER CURIAM.

Following our decision in this case rendered December 7, 1936, 86 F.(2d) 824, 24 C.C.P.A. (Patents) ——, appellant filed petition for reconsideration and rehearing in which, among other things, it was alleged:

"1. The decision overlooks the fact that during the pendency of the motion period in Interference No. 66,239, the applicant Lyon did file a timely motion to amend * * * requesting a new interference based on two claims, 14 and 15, common to the structures of the applicants in the interference, which motion was granted by the Examiner of Interferences in his decision of August 11, 1934. * * * as a result of which new Interference No. 70,545 * * * was declared between the parties Lyon and Jandus * * * and the fact that the Examiner erred in rejecting claims 12, 13 and 14 common to the parties of this new interference, instead of suspending further ac-

tion on these claims pending the outcome of Interference No. 70,545. * * *"

Each of the other five points as to claims 12, 13, and 14 (see our original opinion referred to, supra) makes reference to the new interference No. 70,545.

While our original decision made no reference to interference No. 70,545, the fact that it was declared and that the record so disclosed was not overlooked by the court. It was not discussed by us for the very simple reason that neither in the reasons of appeal nor in the original briefs and oral argument was there any indication that it had any bearing upon the issues of this ex parte proceeding. It is not mentioned in the reasons of appeal and there is only passing reference to it in the original brief where it is said that in a supplement to a petition to the Commissioner to exercise his supervisory authority (alluded to in our original decision) it was pointed out that "the decision of the Patent Office in respect to claims 12, 13 and 14 would preclude him [applicant] from obtaining an award of priority as to all common subject matter in the event he prevailed in Ryerson v. Jandus v. Lyon. Interference No. 70,545, involving claims 14 and 15 of a *copending* application of the applicant and declared as a result of Lyon's motion in Interference No. 66,239." (Italics ours.) Further it is said that the Commissioner denied all of the contentions of appellant, including "that relating to the applicant's rights in the copending Interference, No. 70,545."

That was all, and the court would have been fully justified in summarily refusing the petition which sought to bring into the case matters not originally presented, because apparently overlooked not by the court but by counsel.

However, the case being somewhat complicated and desiring to feel sure that no legal right of appellant had been disregarded, oral argument was permitted on the petition.

Briefly, the pertinent facts are that on October 30, 1933, which was during the motion period of interference No. 66,239 (involving serial No. 584,561, here at issue), out of which the controversy before us grew, Lyon moved to "amend the interference issue to include a new interference involving George Albert Lyon application Serial No. 584,560 filed January 2nd, 1932," the same date as that on which the here involved application was filed. Two counts were proposed for the new interference, being claims 14 and 15 of serial application 584,560. There was no proposal of the counts 12, 13, and 14 here at issue for this new interference. The Examiner of Interferences in his decision in interference No. 66,239, on August 11, 1934, took cognizance of the motion for the new interference, saying: "These proposed counts are limited to the idea of clamping the front drum of the cover between the hub cap and the hub. This feature would seem to involve invention over the claims in the Lambert patent, and hence the motion may be granted." Thereafter an Acting Examiner on March 29, 1935, formally declared the interference No. 70,545, and, so far as the record discloses, the same is still pending. Appellant claims that the subject-matter of claims 12, 13, and 14 here involved are disclosed in both his applications filed January 2, 1932, and that he should have the right to make them in serial No. 548,560, in the event he prevails upon the question of priority in interference No. 70,545, but seemingly anticipates that they may be denied him upon the ground of estoppel, the ground upon which they stand denied in this ex parte proceeding.

Had appellant proposed claims 13, 14, and 15 as counts to either interference during the motion period on interference No. 66,239, a different situation, probably requiring a different conclusion, would be at hand, but since this was not done interference No. 70,545 seems to be entirely irrelevant to this case.

The other material points of the petition for reconsideration and rehearing were fully discussed and determined by us in our original decision.

The petition for reconsideration and rehearing is denied.