**UNITED STATES v. BOYER.**

No. 8888.

United States Court of Appeals
District of Columbia.

Argued May 22, 1945.

Decided July 9, 1945.

Mr. Bernard Margolius, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, John D. Lane, and John P. Burke, Assistant United States Attorneys, all of Washington, D. C., were on the brief, for appellant.

No appearance for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee was convicted in the Municipal Court of obtaining money by false pretenses.[1] There was ample evidence that he cashed a check which he knew to be worthless. He was cross-examined about previous convictions on other bad check charges, and was allowed to say in explanation that those charges were all due to a mistake of his secretary. But the court did not allow him to explain the circumstances of a previous conviction of embezzlement. For this reason the Municipal Court of App reversed his present conviction and ordered a new trial.[2] The government appeals from this reversal.

■ The fact that a witness has been convicted of a crime may be shown, on the theory that it diminishes the value of his testimony.[3] The question is whether he may then explain the circumstances of his conviction in order to mitigate its apparent effect on his credibility. We agree with the Municipal Court of Appeals that it is unfair to the witness to permit no explanation, particularly when he is at the same time a defendant in a criminal case and "the prior conviction, though permitted solely for the purpose of affecting the credibility of the defendant, may have some tendency in the minds of the jury to prove his guilt of the crime for which he is then on trial." It may have such a tendency even when it has no actual bearing on his credibility. Whether the witness is or is not a defendant, if the opposing party introduces his previous convictions we think the witness should be allowed to make such reasonably brief "protestations on his own behalf as he may feel able to make with a due regard to the penalties of perjury."[4] Since not all guilty men are equally guilty and some convicted

---

[1] D.C.Code, 1940, § 22—1301.

[2] Boyer v. United States, Mun.Ct.App. D.C., 40 A.2d 247.

[3] D.C.Code 1940, § 14—305. This provision covers both felonies and misdemeanors. Bostic v. United States, 68 App.D. C. 167, 94 F.2d 636, certiorari denied 303 U.S. 635, 58 S.Ct. 523, 82 L.Ed. 1095.

[4] Wigmore on Evidence, 3d ed., § 1117(3).

men are innocent,[5] we think the witness should be allowed either to extenuate his guilt or to assert his innocence[6] of the previous charges.

The government contends that if an explanation or denial is permitted it opens the way to a collateral inquiry which may be long and confusing. Fear of such a result has led some courts to exclude all evidence designed to mitigate or rebut the impeachment which results from proof of a prior conviction.[7] But there is respectable authority to the contrary.[8] It is generally agreed that in order to save time and avoid confusion of issues, inquiry into a previous crime must be stopped before its logical possibilities are exhausted; the witness cannot call other witnesses to corroborate his story and the opposing party cannot call other witnesses to refute it. The disputed question is whether inquiry into a previous crime should stop (1) with proof of the conviction of the witness or (2) with any reasonably brief "protestations on his own behalf" which he may wish to make. The second alternative will seldom be materially more confusing or time-consuming than the first, if the trial judge duly exercises his "considerable discretion in admitting or rejecting evidence."[9] And we think the second alternative is more conducive to the ends of justice. The jury is not likely to give undue weight to an ex-convict's uncorroborated assertion of innocence or of extenuating circumstances. Just where to draw the line, in order to avoid both unfairness to the witness and confusion of issues, is a question which must frequently arise. The correct rule in such cases, we think, is to recognize a wide discretion in the trial judge. He observes the conduct of counsel, the reaction of the witness under examination, and the resulting effect upon the jury. In other words, he is aware as no appellate court can be of the courtroom psychology and can best determine whether particular testimony should or should not be received.

The trial court's refusal in the present case to let appellee offer any explanation whatever of one conviction, while technically wrong, does not justify a reversal. It related to a different kind of offense from the one for which appellee was on trial. There was convincing proof of his guilt of the bad check charge which was the only issue to be tried. The jury knew that he had previously been convicted on similar charges. He was permitted to explain all his convictions but one. In spite of this the jury did not believe his testimony. In view of the number of his offenses, it is scarcely believable that failure to explain only one of them could have affected the verdict. Accordingly the judgment of the trial court should have been affirmed. The judgment of the Municipal Court of Appeals is therefore reversed.

Reversed.

---

5 Cf. Borchard, Convicting the Innocent (1932).

6 Wagman v. United States, 6 Cir., 269 F. 568, certiorari denied, 255 U.S. 572, 41 S.Ct. 376, 65 L.Ed. 792.

7 E. g., Lamoureux v. New York, N. H. & H. R. Co., 169 Mass. 338, 47 N.E. 1009 (Holmes, J.).

8 E. g., Wagman v. United States, supra, note 6; Donnelly v. Donnelly, 156 Md. 81, 143 A. 648.

9 Bracey v. United States, 79 U.S.App. D.C. 23, 142 F.2d 85, 89.