## MAS v. UNITED STATES.
### No. 8954.

United States Court of Appeals
District of Columbia.

Argued May 22, 1945.

Decided Aug. 27, 1945.
Writ of Certiorari Denied Dec. 10, 1945.
See 66 S.Ct. 267.

Mr. P. Bateman Ennis, of Washington, D. C., for appellant.

Mr. Bernard Margolius, Assistant United States Attorney, of Washington, D. C., with whom Mr. Edward M. Curran, United States Attorney, of Washington, D. C., was on the brief, for appellee.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

■ Appellant was convicted on several counts of an indictment. One count charges that in an interference proceeding in the United States Patent Office, appellant filed certain false, fraudulent and fictitious statements. This charge is within § 35(A) of the Criminal Code, 18 U.S.C.A. § 80, 52 Stat. 197, which prohibits making such statements "in any matter within the jurisdiction of any department or agency of the United States." Appellant's attack upon the count involves immaterial distinctions between the Patent Office and the Commissioner of Patents or between different kinds of "matter" or "jurisdiction." Other counts on which appellant was convicted charge that he uttered certain forged documents, in the Patent Office proceeding, "with intent to defraud and injure." These charges are within the forgery section of the District of Columbia Code, § 22—1401, 31 Stat. 1326, § 843. It was not necessary to name the persons whom appellant intended to defraud and injure. Read v. United States, 55 App.D.C. 43, 299 F. 918; Milton v. United States, 71 App.D.C. 394, 110 F.2d 556.

■ Appellant complains that the court did not permit his witnesses to testify to threats against them, and statements attacking his patent application, which he says were made by representatives of a corporation opposed to him in the Patent Office proceeding. But appellant does not contend that these alleged threats and statements re·

sulted either in false testimony or in failures to testify. Accordingly they were either irrelevant or so remotely connected with the case that their exclusion was proper.

The prosecution showed by cross-examination of appellant that he had been convicted of forgery. He complains that the court did not let him explain the circumstances of this previous conviction. We have decided, after the present case was tried in the District Court, that " 'with a due regard to the penalties of perjury' " a witness may extenuate or deny his guilt of a previous offense. United States v. Boyer, — U.S.App.D.C. —, 150 F.2d 595. But appellant's counsel—who was not his present counsel—though expressly invited to make an offer of proof, declined to disclose the explanation which appellant wished to make. In these circumstances we must infer that appellant was not prejudiced by the court's ruling. "A ruling of the court that a question propounded by a party to his own witness should not be answered must be followed by an offer of the testimony expected, or by something which would clearly indicate it, if it is desired to reserve the point for review in this court." McCurley v. National Savings & Trust Co., 49 App.D.C. 10, 12, 258 F. 154, 156.

Appellant's other contentions are also without merit.

Affirmed.