**MAS et al. v. COCA COLA CO.**

**No. 6384.**

United States Court of Appeals
Fourth Circuit.

Argued July 1, 1952.

Decided July 26, 1952.

George A. Finch, Baltimore, Md., for appellants.

Hilary W. Gans, Baltimore, Md. (Cook, Ruzicka, Veazey & Gans, Baltimore, Md.,
Spalding, Sibley, Troutman & Kelley, Robert B. Troutman, James M. Sibley, K. Wilson Corder and Richard F. Atwood, all of Atlanta, Ga., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

The defendant Coca Cola Company is the owner of a design patent on a beverage bottle issued on the application of one Kelly filed in the year 1937. On October 15, 1938, plaintiff, George N. Mas, applied for a design patent practically identical with that of Kelly. An interference was declared and in the course of the interference proceedings plaintiff claimed not only priority of conception and reduction to practice but also that he had made disclosure of his design to the Coca Cola Company in advance of the Kelly application. To prove the last contention, he introduced in evidence two letters purporting to be copies of letters written to the Coca Cola Company in his behalf in the year 1934 and three letters purporting to be written by an official of the Coca Cola Company acknowledging receipt of these letters and of a wooden bottle which he claimed to have submitted to the Coca Cola Company as a model of his design. The examiner in the Patent Office went fully into the facts and pointed out that the evidence offered to establish disclosure was entirely untrustworthy. Indeed the fraudulent nature of this evidence was so conclusively established before him that plaintiff expressly abandoned it before the Board of Appeals of the Patent Office. On the basis of the use which he had made of the evidence in the Patent Office, however, plaintiff was indicted in the District Court of the United States for the District of Columbia for filing a false deposition and for uttering forged documents. He was convicted on all counts of the indictment and was sentenced to a term of imprisonment, which was affirmed on appeal. Mas v. United States, 80 U.S.App.D.C. 223, 151 F.2d 32.

Priority with respect to the patent was awarded Kelly by the Board of Appeals in the Patent Office. Plaintiff instituted in the court below a suit under R.S. 4915, 35

U.S.C.A. § 63, to have himself adjudged entitled to the patent. This suit was dismissed on the ground that plaintiff had not come into court with clean hands and the dismissal was affirmed on that ground by this court. Mas v. Coca-Cola Co., 4 Cir., 163 F. 2d 505, 511. In affirming the lower court we said:

"There is nothing here to indicate that the discretion of the court below was not soundly exercised. If the clean hands doctrine is not to be applied to bar a plaintiff who has been guilty of perjury and forgery in an attempt to practice a fraud on the Patent Office, where he comes into court claiming that the Patent Office has wrongfully decided against him the issue with respect to which these were employed, it is hard to imagine a case in which the doctrine would properly be invoked. No court of equity ought to be required to listen to a man whose very presence suggests danger to the administration of justice and whose past conduct affecting the matter in litigation would cast doubt upon the ability of the court to ascertain from him the truth with respect thereto."

The decision of this court was handed down August 20, 1947. On May 25, 1950, plaintiff instituted this action in the court below, filing a complaint, twice amended, in which he attacked the decision of the Board of Appeals in the Patent Office, claimed that he was the first inventor of the patented design and asked damages of the Coca Cola Company on the ground that it had fraudulently appropriated his invention. In this complaint he alleged that his design was conceived and disclosed to the Coca Cola Company in the year 1923 and that the company "had manufactured bottles and used the said unpatented design from April 1923 until August 1937". Defendant answered on the merits, pleaded res judicata and the statute of limitations and moved to dismiss the complaint or for summary judgment. The court below granted the motion to dismiss.

We think that the case was properly dismissed. One who has had the door of a court of equity closed in his face because of his fraud may not have relief by the simple device of beginning again and labeling his suit an action at law for damages. Plaintiff's right to recover here depends upon the court's deciding in his favor the very issue of priority which was decided against him in the Patent Office, the issue as to which he attempted to perpetrate a fraud on the Patent Office and the issue as to which the court refused to hear him in the equity suit because of the fraud that he had perpetrated.

Apart from the clean hands doctrine, there can be no question but that plaintiff is estopped on the principle of res judicata from questioning in a subsequent suit involving the issue of priority the decision of the Patent Office in the interference proceeding on the issue there decided against him. 40 Am.Jur. 581; Westinghouse Air Brake Co. v. Hien, 8 Cir., 159 F. 936, 24 L.R.A.,N.S., 948 and note; Lathrop v. Robertson, 61 App.D.C. 252, 61 F.2d 404; Martin v. Friendly, 64 F.2d 995, 20 C.C.P.A., Patents, 1077; In re Lyon, 86 F.2d 824, 24 C.C.P.A., Patents, 751, Id. 88 F.2d 715, 24 C.C.P.A., Patents, 980; In re Hoover Co., 134 F.2d 624, 30 C.C.P.A., Patents, 927; McBride v. Coe, D.C., 50 F.Supp. 286. And the dismissal of the former suit attacking the action of the Patent Office under R.S. 4915 operates as an estoppel upon plaintiff on the principal of res judicata, since the court in its order of dismissal did not provide that it should not so operate. In the absence of such provision, a dismissal, other than for lack of jurisdiction or improper venue, "operates as an adjudication upon the merits." R.C.P. 41(b), 28 U.S.C.A.

It seems equally clear that plaintiff's cause of action is barred by the three year statute of limitations, Maryland Code Art. 57 secs. 1 and 14. The fraud complained of, if it existed, certainly became known to plaintiff when the interference was declared in 1938 and there was nothing in that proceeding nor in the suit under R.S. 4915 to toll the running of the statute.

Plaintiff does not help but rather hurts his case by the allegation that the conception of the design of the patent and its

disclosure to the Coca Cola Company occurred in 1923 and that the design was publicly used by the Coca Cola Company for a dozen years thereafter prior to the application for the patent. The fact, if true, could not preclude the bar of res judicata on the issue of priority nor toll the running of the statute of limitations but would merely have the effect of invalidating any patent on the design and probably of setting the statute of limitations in motion at an earlier date.

We have considered the supplemental reply brief filed by appellant on July 19, 1952, as well as the prior briefs filed in his behalf, but find nothing therein which would justify our reversing the decision of the court below.

The complaint was properly dismissed.

Affirmed.