Ernesto GUARRO, Appellant,

v.

UNITED STATES, Appellee.

No. 1646.

Municipal Court of Appeals for the District of Columbia.

Argued July 6, 1955.

Decided Aug. 2, 1955.

Claire O. Ducker, Sr., Washington, D. C., for appellant.

Francis X. Walsh, Washington, D. C., also entered an appearance for appellant.

Fred L. McIntyre, Asst. U. S. Atty., with whom Leo A. Rover, U. S. Atty., Lewis Carroll and Alfred Burka, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Defendant appeals from a conviction on a charge of assault [1] committed in a local theater upon a member of the morals division of the Metropolitan Police Department. The complaining witness testified that he first observed the defendant in the men's room of the theater, saw him leave, and a few minutes later noticed him standing in the mezzanine balcony. Complainant then proceeded to return from the balcony to the orchestra floor by way of a rear stairway and, in doing so, paused for a few minutes to lean against the wall. He was approached by defendant and was asked why he was not looking at the picture. The officer replied that it was too noisy, whereupon defendant "* * * reached his hand over and placed it on my privates." The officer asked the defendant if he wanted to engage in an act of perversion, and upon receiving an answer in the affirmative, identified himself and placed him under arrest. Returning to the orchestra floor, defendant and the arresting officer were joined by two other officers who accompanied them to a call box.

Both the arresting officer and one of the two other officers testified that upon inter-rogation at headquarters defendant admitted having committed the act; that his only explanation for having done so was "* * that it was just a question of being curious"; and that he had engaged in unnatural sex relations on prior occasions.

Defendant's testimony was that he first saw the arresting officer in the men's room. After returning to the upper portion of the theater, he noticed the officer leaning against the wall and approaching him, conversed with him regarding the noise of the movie. Asserting that the officer opened his coat, defendant testified that "* * * I very well remember that I brushed the flap of his coat with my hand so I said to him, 'You had better button your coat.' * * *" On cross-examination, he testified that he remembered stating at headquarters that he was sorry that he had touched the officer. At the conclusion of defendant's testimony, defense rested and the trial court, sitting without a jury, found defendant guilty.

■ The first assignment of error pertains to the trial court's denial of defendant's motion for judgment of acquittal at the conclusion of the government's case. However, the correctness of the denial of that motion will not be reviewed on this appeal in view of the fact that in offering evidence subsequent to the denial of the motion, defendant waived any rights he may have had regarding that motion.[2]

■ Secondly, defendant contends that the trial court erred in permitting the government to charge him with the crime of assault and then to introduce evidence of an offense of a sexual nature as a basis for a conviction. This argument was treated in Dyson v. United States, D.C.Mun.App., 97 A.2d 135, 137,[3] where we held "* * * that a man who takes improper liberties with

---

1. Code 1951, § 22–504: "Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both."

2. Hall v. United States, D.C.Mun.App., 34 A.2d 631; Boyer v. United States, D.C. Mun.App., 40 A.2d 247, reversed on other grounds, 80 U.S.App.D.C. 202, 150 F.2d 595, 166 A.L.R. 209; Wilson v. District of Columbia, D.C.Mun.App., 65 A. 2d 214. See also Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193, certiorari denied 334 U.S. 853, 68 S.Ct. 1509, 92 L.Ed. 1775.

3. Petition for allowance of appeal denied by the United States Court of Appeals for the District of Columbia Circuit, No. 11,832, July 31, 1953.

the person of another man without his consent is guilty of assault."

Affirmed.

HOOD, Associate Judge (concurring).

I expressed my views of this type of prosecution in my dissent in Dyson v. United States, D.C.Mun.App., 97 A.2d 135, 138. My views have not changed, but as the United States Court of Appeals refused to review the Dyson case, I feel bound by it, and therefore concur in the result in this case.