**William Fred DRYDEN, Sam Alta Dryden, Newman Grady Albright, Edward E. Jackson, Luther Tate Conner and James Daniel, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 15995.**

United States Court of Appeals Fifth Circuit.

Oct. 16, 1956.

Rehearing Denied Nov. 26, 1956.

Wesley R. Asinof, Atlanta, Ga., Walter D. Sanders, Newnan, Ga., Donald B. Howe, Buchanan, Ga., for appellants.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This appeal presents as the sole allegation of error the trial court's permitting a government witness, whose impeachment had been sought, to attempt to explain away on redirect examination two state court convictions. Appellants contend that once they have drawn from a witness the damaging admission that he has been convicted, it was reversible error for the witness to be permitted to explain away the effect of such convictions.

No federal decision is cited to support the appellants' contention. It is generally recognized that there is a wide discretion in the trial court as to the extent to which such collateral issues may be inquired into. Undoubtedly there is some authority for the contention that ordinarily a trial court should not permit a witness to contradict proof of a prior conviction. Wigmore, Evidence, 3d Ed., Section 1116, and cases cited there. No case has been called to our attention where an appellate court has held it to be reversible error if the trial judge, in his discretion, permits such a witness to attempt to explain or minimize the importance of a prior conviction. In Tennessee Coal, Iron & R. Co. v. Haley, 5 Cir., 85 F. 534, this court held that where it appeared that a witness had been convicted of a crime, it was not error for the trial court to permit him to testify that he had later served as a trusty in the prison where he served. See also U. S. v. Boyer, 80 U.S.App.D.C. 202, 150 F.2d 595, 166 A.L.R. 209. In that case the Municipal Court of the District of Columbia refused to allow a witness to explain one conviction while allowing him to explain several others. The Municipal Court of Appeals reversed the conviction and ordered a new trial on this ground. The Court of Appeals reversed the Mu-

nicipal Court of Appeals on the ground that whereas it would have been proper for the trial court to have permitted such testimony, failure to do so was not reversible error. It appearing that the trial court did not abuse his discretion in overruling appellant's objection to this testimony, and this being the only ground of the appeal, the judgment is hereby

Affirmed.