**UNITED STATES of America,**
**Appellee,**

v.

**Lawrence A. CRISAFI and Frank Gu-glielmini, Appellants.**

**No. 379, Docket 27525.**

United States Court of Appeals
Second Circuit.

Argued June 4, 1962.

Decided July 7, 1962.

Archibald Palmer, New York City, for appellants.

Jerome F. Matedero, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., on the brief), for appellee.

Before LUMBARD, Chief Judge, and CLARK and WATERMAN, Circuit Judges.

PER CURIAM.

We affirm the jury convictions, in the Eastern District of New York, of Lawrence A. Crisafi and Frank Guglielmini

for having in their possession on June 28, 1960 goods stolen while in interstate commerce knowing the same to have been stolen, in violation of 18 U.S.C. § 659.

There was ample evidence to support the convictions. On Sunday, June 26, 1960 at 2:30 A.M., a tractor-trailer unit which was carrying merchandise from Manchester, Connecticut, to a North River pier in New York was found missing from the yard of the P. & G. Motor Freight Corporation on West 29th Street, Manhattan. On Sunday afternoon two witnesses had seen a tractor-trailer, similar to the stolen one, back into an alleyway which led to the rear of the premises on Avenue U between 26th and 27th Streets in Brooklyn where the two defendants rented a store as partners in a furniture and floor covering business. The tractor-trailer was recovered on Monday morning on Avenue Z near 1st Street in Brooklyn where it had been abandoned.

■■ On Tuesday morning, June 28, Crisafi was observed carrying cartons, bearing markings similar to the stolen merchandise, from the store to a car and driving off. Later that day FBI agents found the defendants at the store and with Crisafi's permission they searched the premises and located much of the stolen merchandise in the basement partially concealed behind piled up furniture. The goods were worth more than $5,000. For these activities the defendants could only give to the FBI agents and to the jury an incredible explanation about having agreed to rent part of the basement to two strangers who brought the goods in and who later asked Crisafi to deliver some of the goods to an unknown man on a street corner in Brooklyn. From this summary of the evidence it is clear that there was ample proof to support the convictions. Wilson v. United States, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); Degnan v. United States, 271 F. 291 (2 Cir. 1921); Rosen v. United States, 271 F. 651 (2 Cir. 1920). There is no merit to the defendants' contention that they were prejudiced by a denial of their request to inspect Crisafi's grand jury testimony as the trial judge did make these minutes available in ample time while Crisafi was still a witness.

■ Nor was there any prejudicial error with respect to the court's refusal to permit the defendant Guglielmini to explain a prior conviction for possessing counterfeit ration stamps. On his direct examination Guglielmini testified with respect to his arrest for such an offense and when the conviction was brought out defense counsel then requested leave to have Guglielmini explain his plea of guilty. Defense counsel stated before the jury that Guglielmini had pleaded guilty in order to save his sixteen year old sister who was involved in the charges, but the trial judge refused to permit testimony by the defendant himself.

■ We think that a witness defendant whose credibility has been attacked by the showing of a prior conviction of crime may attempt rehabilitation by a brief explanation in the control of the trial court. United States v. Boyer, 80 U.S.App.D.C. 202, 150 F.2d 595, 596, 166 A.L.R. 209 (1945); see Mas v. United States, 80 U.S.App.D.C. 223, 151 F.2d 32 (1945), cert. denied, 326 U.S. 776, 66 S.Ct. 267, 90 L.Ed. 469; Dryden v. United States, 237 F.2d 517 (5 Cir. 1956); McCormick on Evidence § 43 (1954). It is questionable that here the trial judge exercised the discretion required of him, but defense counsel ultimately succeeded in getting the intended explanation before the jury in probably a more dramatic form than if the defendant himself had given it; thus the error was not prejudicial. No case has been called to our attention, and we have discovered none, in which a federal court has ever reversed a conviction against a witness-defendant because he was not permitted to explain his admitted conviction.

Judgments affirmed.