MINOT et al. v. SNAVELY.†

(Circuit Court of Appeals, Eighth Circuit. July 19, 1909.)

No. 3,022.

MASTER AND SERVANT (§ 330*)—INJURIES TO THIRD PERSONS—ACTION AGAINST MASTER—ISSUES—INCOMPETENCY OF SERVANT.

In an action against a master to recover for an injury to a third person through the alleged negligence of a servant in the line of his employment, the liability of defendant depends wholly upon the question whether the injury was caused by such negligence without contributory negligence. The question of the general competency or incompetency of the servant is immaterial in such case, and the reception of evidence on such an issue, tendered by plaintiff, and its submission to the jury, constitute error prejudicial to the defendant.

[Ed. Note.—For other cases, seee Master and Servant, Cent. Dig. § 1271; Dec. Dig. § 330.*]

In Error to the Circuit Court of the United States for the Western District of Missouri.

Lathrop, Morrow, Fox & Moore, R. J. Ingraham, and Cyrus Crane, for plaintiffs in error.

Fyke & Snider and James H. Richardson, for defendant in error.

Before VAN DEVANTER, Circuit Judge, and CARLAND, District Judge.

CARLAND, District Judge. Elizabeth R. Snavely sued Minot and Adams, as trustees, to recover damages for the negligent killing of her husband on March 2, 1908, while passing from a passenger elevator operated in the American Bank Building, Kansas City, Mo. She recovered a verdict of $5,000. The petition specified two grounds of negligence: (1) Negligent and careless operation and handling of the elevator by the person in charge thereof at the time Snavely received the injury which resulted in his death. (2) That the agent or servant in charge of said elevator was wholly unfit by reason of his youth and inexperience to handle the elevator with safety, which facts defendants well knew or by the exercise of ordinary care might have known. The parties to the action in this opinion will be called plaintiff and defendants respectively, as they appeared in the trial court. At the trial, for the purpose of sustaining the charge of negligence in the above specification numbered two, counsel for plaintiff, over objection, introduced the following testimony.

Witness A. J. Read, speaking of what he observed a day or two before the accident:

"Q. State what you saw, Mr. Read? A. The operator would endeavor to stop the elevator at a certain floor; and, instead of the floor of the elevator

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied August 9, 1909.

stopping on an even basis with the particular floor, it would go up probably from six inches to a foot, or would stop below that floor, and then the elevator would start, and it would start with such a jerk that it almost threw a person down. It almost threw me down.

"Q. What, if anything, did you notice with reference to his manipulation of the lever? A. His hand seemed to be pulling the lever back and forward all the time.

"Q. Do you know whether or not this young man was a regular elevator operator in that building? A. He was not.

"Q. You were acquainted with the other elevator operators—were you? A. I was.

"Q. Did you observe any difference between his management of the elevator and the management by the other operators? A. Yes, sir."

### Witness G. W. Duvall:

"A. I had known this young boy for some time before this accident, and I had talked with him about being careful. He was nervous, and seemed to have trouble in stopping the cars on a level with the floor. He would often stop the car above the floor, and often below. He was quite nervous—both before the accident and afterwards."

Snavely, the deceased, was not a servant of the defendants, and hence was not a fellow servant of Corliss, the person operating the elevator. Counsel for defendants requested the court to charge the jury as follows:

"The court charges the jury that the charge in plaintiff's petition that the said defendants were negligent in employing an attendant who, on account of his youth, inexperience, and incompetency, was unfit to have charge of said elevator car in question is withdrawn from your consideration, and in arriving at your verdict you must disregard said charge of negligence in that respect."

At common law a master is not liable for injuries personally suffered by his servant through the ordinary risks of the business, including the negligence of a fellow servant, acting as such, while engaged in the same common employment, unless the master is chargeable with negligence in the selection of the servant in fault, or in retaining him after actual or constructive notice of his incompetency. The exception above mentioned to the nonliability of the master to his servant for the negligent acts of a fellow servant never had any existence as a substantive ground of liability except in favor of the servant. It is a part of the fellow-servant rule, and is inapplicable to any actions, except those brought by the servant against the master for injuries received by reason of the negligence of a fellow servant.

The master is liable to third persons for the damage caused by the wrongful or negligent acts of his servant in the course of his employment as such, and he is liable irrespective of the care used in the selection of that servant or of notice of his incompetency. It necessarily follows that the specification of negligence numbered 2, above mentioned, had no place in the petition, the evidence, or the charge of the court. Notwithstanding, however, evidence was admitted tending to show general incompetency of the person in charge of the elevator, and the jury were told by the court in its charge that it was the duty of defendants to employ a reasonably safe, prudent person, in the handling of the elevator. The liability of the defendants in the case at bar depended wholly upon the fact as to whether the per-

son operating the elevator was guilty of negligence at the time Snavely was passing from the elevator, which was the proximate cause of his death, except, of course, as this liability might be affected by the contributory negligence of Snavely himself. As the defendants could not relieve themselves from liability for the negligence of the operator of the elevator by showing that they exercised proper care in his selection or had no notice actual or constructive of his incompetency, so it was incompetent for plaintiff to attempt to fix a liability upon the defendants by showing want of care in the selection of the operator of the elevator or actual or constructive notice of his general incompetency. We are of the opinion that the admission of the testimony herein quoted taken in connection with the charge of the court in relation thereto was necessarily very prejudicial to the defendants. We are unable to say upon which specification of negligence the jury found for the plaintiff, but, if their verdict was based upon the negligence of the operator at the time of the accident, the evidence of his general incompetency may have determined the case against the defendants.

We are invited by error properly assigned, upon the denial of a motion made to the trial court, to review the whole evidence for the purpose of determining whether there is any substantial evidence in the record to support the verdict. But, as a new trial must be ordered in any event, we prefer, for reasons which need not be mentioned at this time to leave the question of the sufficiency of the evidence as a whole undetermined.

For error in refusing to instruct the jury as requested in the instruction before quoted the judgment of the trial court is reversed, and a new trial is ordered.