VALEDA A. CARON *vs.* FRANK HAZLETT
(and a companion case [1]).

Hampden.  September 17, 1947. — October 31, 1947.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Witness*, Cross-examination.  *Evidence*, Cross-examination of witness, Cumulative evidence.  *Practice, Civil*, Discretionary control of evidence.

In the circumstances, after the plaintiff at a trial had testified that she had not told a witness for the defendant that she had not seen an automobile which struck her, and the defendant's witness had testified that she had not told him that she had seen the automobile, there was no abuse of discretion nor error in the exclusion of a question asked the defendant's witness on recross-examination as to whether the plaintiff had told him that she had not seen the automobile.

Two ACTIONS OF TORT.  Writs in the District Court of Chicopee dated April 16, 1943.

Upon removal to the Superior Court, the cases were tried before *Hammond, J.*

In this court the cases were submitted on briefs.

*D. E. Lavigne*, for the plaintiffs.

*J. D. Ross*, for the defendant.

WILLIAMS, J.  These are two actions of tort, one brought by the female plaintiff (hereinafter called the plaintiff) for personal injuries received when struck by an automobile operated by the defendant and one brought by her husband for consequential damages.  The plaintiff was crossing a public way in Chicopee in front of a standing bus from which she had just alighted.  Having cleared the bus she was struck by the defendant's automobile proceeding in the same direction as the bus and coming from its rear.  In each case the jury found for the defendant.  The only exceptions of the plaintiffs are to the exclusion of a question asked by the plaintiffs' attorney on recross-examination of a witness called by the defendant.

---

[1] The companion case is by J. Ovide Caron against the same defendant.

On direct examination the plaintiff testified that after she had cleared the bus she saw the defendant's automobile coming from her left. On cross-examination she testified that she saw the defendant's automobile before she was hit and that there were no lights on it; that six days after the accident she told McDermott, a police officer, that she did not notice any reflection of the headlights of the defendant's automobile on the road; that she did not tell McDermott that she never saw the defendant's automobile; and that in fact she did see the automobile on the road coming toward her.

On redirect examination she was asked, "Did you tell Officer McDermott that you did not see the auto?" and she answered "No." The judge then said, "Well, that has been covered in her testimony and Officer McDermott has not been on the stand. I do not see how you need to go into that now anyway."

McDermott, called as a witness by the defendant, testified that the plaintiff told him she did not notice any reflection of the defendant's automobile headlights on the road and that she never told him that she saw an automobile before the accident. His cross-examination is not reported. On redirect examination the defendant's attorney asked him, "But she never told you that she saw any car before the accident?" McDermott answered, "No, sir." On recross-examination McDermott was asked but one question, "She never told you she did not see any car before the accident, did she?" This question was excluded and the plaintiffs excepted.

At the close of the redirect examination of McDermott his testimony stood that the plaintiff had not told him she had seen any automobile before the accident. It did not appear that he had asked her a direct question as to that fact. The excluded question was as to whether she had told him she had not seen any automobile. She had previously testified that she had not so told him. If he had answered the excluded question in the negative it would have tended to support her testimony; if he had answered in the affirmative, it would have tended to contradict her. Presumably

the plaintiffs' attorney hoped for a negative answer. No offer of proof as to what his answer would be was made and none was required. *Commonwealth* v. *Rudnick*, 318 Mass. 45, at page 56. Ordinarily the limits of cross-examination rest in sound judicial discretion, *Commonwealth* v. *Russ*, 232 Mass. 58, at page 79, as does the admission of cumulative evidence, *Bendett* v. *Bendett*, 315 Mass. 59, at pages 65-66. In the state of the testimony as here shown the restriction of further recross-examination as to what the plaintiff did not say to the witness cannot be considered error.

*Exceptions overruled.*