425 P.2d 840

Della LEWIS, widow of John Washington Lewis, deceased, Appellant,

v.

SOUTHERN PACIFIC COMPANY et al., Appellees.

No. 8056.

Supreme Court of Arizona.

In Division.

April 5, 1967.

Alan P. Bayham, Phoenix, for appellant.

Evans, Kitchel & Jenckes, by Conrad R. Kohrs, Phoenix, for appellees.

UDALL, Justice.

This is an appeal from a judgment following a jury verdict in favor of the defendants, Southern Pacific Co., Inc., and Carl Ball, Dan W. Whitener and Claude William McCorkle, employees of the Southern Pacific Co., Inc., and from an order of the trial court denying plaintiff's motion for a new trial.

The plaintiff, Della Lewis, instituted this action for the wrongful death of her husband, John Washington Lewis, against Southern Pacific and its engineer, fireman and conductor who were operating the train which struck the decedent's car at the Ninety-first Avenue crossing of defendant's tracks.

Plaintiff offered evidence to prove that on two occasions, eight months and thirteen years respectively, prior to this accident, the defendant engineer had been cited for violating the railroad's speed limits. Evidence was also offered on the engineer's involvement in a crossing collision with a motor vehicle seven years prior to this accident, in order to prove that the railroad retained an incompetent employee and permitted him to operate its train. The evidence concerning the engineer was excluded, as was evidence offered to prove that the fireman had previously misinterpreted a signal and was suffering from a back injury at the time of this accident and was therefore also known by the railroad employer to be an incompetent employee, thus tending to establish negligence on the part of the railroad in entrusting its train to the engineer and fireman of whose alleged incompetency it was aware.

The refusal of the trial court to admit evidence of the incompetency of the railroad employees, was not error. Here the railroad did not dispute that the defendants Ball and Whitener were employees of the railroad, acting within the course of their employment at the time of the accident. If the defendant employees were actually negligent at the time of the accident and proximately caused the accident, this is sufficient to establish the railroad's liability. But the failure of an employer to hire only competent and experienced employees does not of itself constitute an independent ground of actionable negligence. Carlson v. Connecticut Co., 94 Conn. 131, 108 A. 531, 8 A.L.R. 569; Minot v. Snavely, 8 Cir., 172 F. 212, 19 Ann.Cas.

996; Denver City Tramway Co. v. Cowan, 51 Colo. 64, 116 P. 136; Grand Rapids & I. R. Co. v. Ellison, 117 Ind. 234, 20 N.E. 135; Black v. Hunt, 96 Conn. 663, 115 A. 429; 35 Am.Jur., Master & Servant, § 548, page 978.

It is alleged as further error that the trial court incorrectly refused to admit evidence to the effect that (1) the railroad officials had issued an order recognizing that the Ninety-first Avenue crossing was more in need of repair than any other crossing in the district, (2) the defendant's employees had corresponded with each other considerably about the proposed installation of flashing lights for protection at the Ninety-first Avenue crossing, (3) the railroad had made plans and estimates for the work at the crossing, and (4) the railroad had issued a district work order for crossing signals. This evidence was offered as proof of negligent maintenance of inadequate protective devices at an unusually hazardous crossing. Plaintiff contended that under the issues framed by the pleadings this evidence was competent proof that the defendant railroad knew this crossing was a death trap when only equipped with cross-buck protection.

This evidence consisting of statements and memoranda of the defendant railroad and its employees was offered to prove that the railroad had knowledge of the dangerous condition at the involved crossing. But the railroad did not contest the issue of knowledge of the condition of this crossing. In fact the railroad's engineer, fireman and signal supervisor all testified to the effect that the Ninety-first Avenue crossing was the most obstructed and congested cross-buck protected intersection on this run. This was abundant evidence to establish the railroad's knowledge of the character of the crossing.

■ These statements and records were cumulative on the question of knowledge. Whether cumulative evidence will be allowed on a particular point is a proper area for the trial court's discretion. See Udall,

Arizona Law of Evidence § 11, Canon v. Hazlett, 321 Mass. 671, 75 N.E.2d 233, Brandt v. Matson, 256 Wis. 314, 41 N.W.2d 272.

 Since the railroad's knowledge was uncontested here and abundant evidence on such issue already having been received, the failure of the trial court to admit additional evidence on this point was not prejudicial and did not constitute reversible error.

Affirmed.

McFARLAND, V. C. J., and LOCKWOOD, J., concur.