483 P.2d 803

**The STATE of Arizona, Appellee,**

v.

**George Love SAYRE, Appellant.**

**No. 2 CA–CR 236.**

Court of Appeals of Arizona,
Division 2.

April 20, 1971.

Rehearing Denied May 21, 1971.

Review Granted June 22, 1971.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender, by Fredric F. Kay, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

Appellant-defendant, George Love Sayre, was convicted of the crime of unlawful possession of marijuana, a felony, by a jury on May 6, 1970, and sentenced to a term of not less than one nor more than two years in the Arizona State Prison. A motion for a judgment notwithstanding the verdict or for amendment of judgment was denied and this appeal follows.

On October 6, 1969, the defendant was a passenger in the right front seat of an automobile, along with two other passengers in the rear seat, and a driver. The police stopped the car because it only had one headlight. The window on the passen-

ger's side had been up, but was rolled down when the officers approached. The police detected a strong odor of burning marijuana.

The defendant was asked to get out of the car, searched for weapons and advised of his constitutional rights, which he stated he understood. Defendant was seen to sit down on the curb near the right front wheel of the police vehicle. He took off his boot and shook it near the right front tire. An officer looked in that area and recovered a marijuana cigarette, which was the reason for the arrest, trial and conviction of the defendant.

This appeal raises the following five questions:

1. Whether or not the trial court erred in refusing to allow the defendant to introduce a transcript of the testimony at the preliminary hearing of a witness not present at the trial.

2. Whether or not the trial court erred in admitting testimony, alleged to be repetitive, in rebuttal.

3. Whether or not the prosecuting attorney's references to punishment in his closing argument were erroneous.

4. Whether or not the instruction to the jury as to a unanimous verdict was erroneous.

5. Whether or not the sentence was excessive and an abuse of the trial court's discretion.

We will consider these questions in order.

■ The defendant urges that it was error for the trial court not to allow the introduction of a transcript of the testimony of Jose Mireles, one of the persons in the car with the defendant at the scene of the arrest. The defendant called the wife of Mireles as a witness, and she testified that

she had received a letter that Mireles was AWOL from the armed forces, that the last time she had seen him was some three or four months earlier, and that she didn't know where he was at the time of the trial. Mrs. Mireles is the sister of the defendant. As stated in the defendant's brief, the reporter's transcript before us does not reveal a ruling by the trial court on this question. The certified copy of the minutes before us indicates that the court denied the motion to read Mireles' testimony at the preliminary hearing to the jury on the ground that the testimony would be substantially the same as that of the witness Moreno. We have examined the record here and have determined that Mireles' testimony was substantially the same as the testimony of Moreno and therefore cumulative. It was discretionary with the trial court as to its admission. Lewis v. Southern Pacific Co., 102 Ariz. 108, 425 P.2d 840 (1967). This is to say that, even if the transcript was admissible from the evidence the defendant presented under Rule 30, Rules of Criminal Procedure, 17 A.R.S., the testimony in the transcript is still subject to all legal objections. Rule 31, Rules of Criminal Procedure, 17 A.R.S. Counsel for the State pointed out to the trial court below that the testimony of Mireles would be the same as that of Moreno.

Additionally, it should be noted that Mireles' testimony would not have been of any assistance to the defendant, being no different than Moreno's. In fact, if Mireles was AWOL from the military service, which the jury heard testimony about, his testimony would have probably prejudiced the defendant. Since no prejudice to the defendant is shown as to this ruling, it should not be reversible error. Dykeman v. Ashton, 8 Ariz.App. 327, 446 P.2d 26 (1968).[1]

---

1. The standard used by the United States Supreme Court in determining whether an error is harmless or non-prejudicial is that the prosecution must prove beyond a reasonable doubt that the error in question was not prejudicial to the defendant. Chapman v. California, 386 U.S.

18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Fontaine v. California, 390 U.S. 593, 88 S.Ct. 1229, 20 L.Ed.2d 154 (1968); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). The alleged error here is harmless under such a test.

Finally, the test on appeal in questions involving rulings as to the admissibility of transcripts of preliminary hearings, where the witness is not present at the trial, is whether the trial court abused its discretion by its ruling. State v. Head, 91 Ariz. 246, 371 P:2d 599 (1962). Here, the evidence before the trial court was such that it was not an abuse of discretion to refuse to allow the transcript read to the jury. The United States Supreme Court has held that a good faith effort to obtain the presence of a witness who is unavailable at the trial must be shown in order to obtain the benefit of the exception to the constitutional right of confrontation. Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968).

■ The defendant next contends that certain testimony read back by the court reporter to the jury at the rebuttal stage was not proper rebuttal. There was no objection below to the reading of this testimony, so the trial court should not be reversed. Collins v. Dilcher, 104 Ariz. 221, 450 P.2d 679 (1969); Brooker v. Canny, 103 Ariz. 529, 446 P.2d 929 (1968).[2] Further, an analysis of the testimony in question reveals no possible prejudicial effect upon the defendant, with the result that, if it was error, it is harmless and not reversible. Riley v. State, 50 Ariz. 442, 73 P.2d 96 (1937); Dykeman v. Ashton, supra.[3]

■ In regard to the defendant's contention that counsel for the State improperly argued the question of punishment, the court is of the opinion that the argument in question does not constitute argument of punishment. The references to punishment were at most indirect and in certain instances constituted reminders to the jury *not* to consider punishment, just as the jury was instructed by the trial court. If these references were errors, they were harmless and not reversible errors. Dykeman v. Ashton, supra.[4] Here again the defendant did not object to these statements by counsel for the State below and therefore should not obtain a reversal on this basis. Collins v. Dilcher, supra; Brooker v. Canny, supra.[5]

■ The defendant's contention that the court's instruction as to a unanimous verdict was error should not be a ground for reversal here, as again no objection to this instruction was made in the trial court. Collins v. Dilcher, supra; Brooker v. Canny, supra.[6] The instruction was that a verdict in a criminal case must be unanimous, which fairly states the law in Arizona. Rule 300, Rules of Criminal Procedure, 17 A.R.S. It necessarily follows that lack of unanimity means no verdict. A reference to the possibility of a "hung jury" could amount to a recommendation of that result.

■ The defendant's last argument is that the sentence here was excessive and an abuse of the trial court's discretion. The statute under which the defendant was convicted, A.R.S. § 36–1002.05, as amended, provides a penalty of not less than one nor more than ten years for violation, with discretion in the court in the alternative to impose a fine and not more than one year in the county jail in first offense cases. In sentencing, the trial court has a wide discretion and a sentence which is within the statutory limits will not be reversed "unless there is clear evidence that the trial court has abused that discretion." State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966). The record here reveals no abuse of discretion.

---

2. It should be noted that this court and the Arizona Supreme Court do consider *fundamental* errors for the first time on appeal when not raised by objection in the trial court. Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968); Ruiz v. Faulkner, 12 Ariz.App. 352, 470 P.2d 500 (1970). The alleged error here is not a fundamental error.

3. See note 1, supra.

4. See note 1, supra.

5. See note 2, supra.

6. See note 2, supra.

In view of the foregoing, appellant's contentions are without merit and the judgment is affirmed.

HATHAWAY and HOWARD, JJ., concur.