492 P.2d 393

The STATE of Arizona, Appellee,

v.

George Love SAYRE, Appellant.

No. 2325–PR.

Supreme Court of Arizona,
In Banc.

Jan. 7, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County, Public Defender, by Frederic F. Kay, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

The defendant was convicted of the crime of unlawful possession of marijuana by a jury on May 6, 1970, and was sentenced to a term of not less than one nor more than two years in the Arizona State Prison. The judgment of conviction and sentence were appealed to the court of appeals and thereafter we granted a petition for review. The decision of the court of appeals is vacated. State v. Sayre, 14 Ariz. App. 390, 483 P.2d 803 (1971).

The evidence showed that the defendant was one of four occupants of a vehicle which was stopped by the police because it had only one headlight in operation. Police officers testified that on approaching the vehicle they detected the odor of burning marijuana. After searching the occupants of the vehicle, the police found one marijuana cigarette near the defendant. It is the alleged possession of this cigarette which is the basis for defendant's conviction.

The defendant raised the following questions on appeal: 1) whether the trial court erred in refusing to allow the defendant to introduce a transcript of the testimony at the preliminary hearing of a witness not present at the trial, 2) whether the trial court erred in admitting testimony in rebuttal alleged to be repetitive, 3) whether the prosecuting attorney's reference to punishment in his closing argument was erroneous, 4) whether the instruction to the jury as to a unanimous verdict was error, 5) whether the sentence was excessive and an abuse of the trial court's discretion.

■ We will consider these questions in order. The defendant first urges that it was error for the trial court to refuse to allow the introduction of a transcript of the testimony of one Jose Mireles, one of the four occupants of the vehicle in which the defendant was riding. This testimony was given at the preliminary hearing. The court denied the motion on the ground that the testimony would be cumulative with that of a witness who had already testified, Fernando Mareno. The court further indicated that sufficient foundation had not been laid by the defense to warrant the use of the preliminary hearing transcript. The only testimony which was given with regard to the unavailability of Jose Mireles was the testimony of his estranged wife that he was in the military service and had recently been on leave. Outside the presence of the jury, the defendant's counsel presented a form letter to the court, addressed to the wife, indicating the witness might be AWOL. There was no showing that any appropriate process had issued to compel the attendance of the witness, nor that attempts had been made through the military to secure his attendance at the trial. The form letter was dated March 16 and the trial was held May 6 and 7. Although we find it rather difficult to characterize the testimony of an eyewitness as cumulative, we do concur with the position of the trial court in that there must be an adequate showing of the unavailability of the witness. We hold that the trial court did not abuse its discretion in making the determination that the showing in this case was not adequate.

■ The next three contentions of the defendant were not raised by appropriate objection in the trial court. These contentions, therefore, cannot be considered for the first time on appeal unless, if valid, they would constitute fundamental error. Michie v. Calhoun, 85 Ariz. 270, 336 P.2d 370 (1959). The alleged errors are deemed not to have been fundamental in nature and therefore could not be an appropriate basis for reversal.

■ As a final point, the defendant contends that the trial court abused its discretion in the sentence imposed. The statute, A.R.S. § 36–1002.05, provides a penalty of not less than one nor more than ten years for the possession of marijuana as a first offense with discretion of the court in the alternative to impose a fine and not more than one year in the county jail. The record shows that at the time of this sentencing the defendant was eighteen years of age and had no prior felony conviction.

**16**

We recognize that the trial court has wide discretion in sentencing and that the sentence here was well within the statutory limits set for this offense. Although we might have some doubts as to the wisdom of marking an eighteen-year-old as a felon and sending him to Florence for the commission of a crime of this type, we cannot say that the trial court abused its discretion. The trial court had an opportunity to observe the attitude and demeanor of the defendant. We've held many times in the past that we will not interfere with the sentence of the trial court unless there is an abuse of discretion. *See* State v. Benn, 101 Ariz. 252, 418 P.2d 589 (1966).

The conviction of the defendant is affirmed.

UDALL, V. C. J., and LOCKWOOD, CAMERON, and STRUCKMEYER, JJ., concur.