UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald Ray KING, Defendant-Appellant.

No. 71–1266.

United States Court of Appeals,
Tenth Circuit.

Jan. 3, 1972.

Rehearing Denied Jan. 21, 1972.

Floy E. Dawson, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for plaintiff-appellee.

K. Nicholas Wilson, Oklahoma City, Okl., for defendant-appellant.

Before PICKETT, HILL and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Donald Ray King was tried by jury and convicted of violating the Dyer Act

—transportation of a stolen car from Houston, Texas to Hollis, Oklahoma with knowledge that it was stolen.

The government's evidence showed that for a period in excess of three weeks in Oklahoma after June 29, 1970, defendant was in possession of the automobile in question, a 1968 Brown and white Buick convertible. The car had been stolen from its owner, one Herman Samuels on June 20, 1970.

Apart from the evidence of "recent possession" of the admittedly stolen vehicle, there was testimony that placed defendant with the car in Hollis at his mother's home on June 29. And defendant's cousin testified that defendant had come to her home in Oklahoma City on July 2 for a visit and when asked about the car had said that it was his. An F.B.I. agent testified to finding the vehicle abandoned and stripped outside the cousin's home.

The defendant testified in his own defense denying that he had travelled from Texas to Oklahoma in the car. At the same time, he freely admitted having travelled from Oklahoma City to Hollis in the automobile. Defendant claimed that he had travelled in the vehicle from Oklahoma City to Hollis in the company of David Lee Wright. The inference was that he was merely a passenger and that if the car had been stolen Wright had stolen it. On cross-examination defendant was questioned as to whether he had previously admitted to the investigating F.B.I. agent that he had ridden in the car from Houston, Texas to Hollis and then to Oklahoma City. Defendant said that he had not.[1]

The defense called David Lee Wright as a witness. He was asked about a previous conviction and a current imprisonment growing out of another car theft. He refused to answer invoking the Fifth Amendment, but on the government's cross-examination said that he had travelled from Houston to Hollis and then to Oklahoma City with the defendant at the time in question.

In order to complete the impeachment the government called F.B.I. Agent Phipps who testified that defendant had admitted to him that he had travelled from Houston, Texas to Hollis, Oklahoma in the car. A statement had been given to the defendant by the government purporting to be a narrative of the defendant's conversation with Phipps.[2] Agent Phipps testified that in preparing the statement he omitted the words "from Houston" and did so inadvertently.

The essence of the defendant's contention is that he read the statement fur-

---

1. Defendant's testimony was as follows:
    "Q. And did you, at that time, state, Mr. King, that you had traveled from Oklahoma, I mean from Houston, Texas to Oklahoma City with David Lee Wright in this 1968 Buick automobile?
    A. No.
    Q. You did not?
    A. No.
    Q. Did you state that the trip was made from Houston, Texas to Oklahoma City in a 1968 brown Buick convertible?
    A. No.
    Q. You did not?
    A. No.
    Q. And did you state that during that interview that you stopped on the way to Oklahoma City in Hollis for two or three days?
    A. No."

2. The statement which is claimed to be ambiguous is as follows:
    "KING advised that he left Houston, Texas, in May, 1970, and traveled to Oklahoma City in a Pontiac or an Oldsmobile. In Oklahoma City he heard that a boy was looking for him, as he had stayed in this boy's mother's apartment in Houston. *In late June, he traveled together with this boy (Wright) to Hollis, Oklahoma, to visit his (defendant's) family.* The trip was made in a 1968 white over brown Buick convertible. KING stated that they stayed in Hollis two or three days and then left in the 1968 Buick convertible, traveling to Altus, Oklahoma, where they stayed overnight, going onto Oklahoma City, where the car ultimately broke down. . . ."
    (parentheticals added) (emphasis supplied).

nished as meaning that he had travelled only from Oklahoma City to Hollis with Wright. The mix-up apparently stemmed from the fact brought out in other evidence showing that the defendant had made still another trip from Houston. The first was to Oklahoma City and the second was to Hollis, Oklahoma and then to Oklahoma City.

■ There is no indication whatever in the record that the government sought to trick or mislead the defense, and indeed there is no indication that there was a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 2d 215 (1963) or Rule 16 of the Federal Rules of Criminal Procedure. The prosecution could not anticipate that defendant would adopt the position that he had not travelled from Texas in the vehicle, and as we view it the defendant does not have a license to search out what appears to be a chink in the government's armor and shape his defense to take advantage of this without running the risk of a misfire. Compare Harris v. New York, 401 U.S. 222, 225, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

■ Defendant also complains that he was not allowed to explain his prior conviction for assault with a deadly weapon. He would have explained that he was acting in self-defense in a barroom fight. The conviction was brought out by his attorney on direct examination and whether he would be allowed to explain it rested in the sound discretion of the trial court. See United States v. Pinna, 229 F.2d 216, 219 (7th Cir. 1956); United States v. Boyer, 80 U.S. App.D.C. 202, 150 F.2d 595, 596 (1945).

■ Defendant's final contention that the evidence was insufficient is also lacking in merit. Furthermore, defendant's pro se assertion that he was inadequately represented by counsel at trial is not supported.

The judgment is affirmed.