530 P.2d 911

**The STATE of Arizona, Appellee,**

v.

**Frank Antonio PAVAO, Appellant.**

**No. 2 CA–CR 444.**

Court of Appeals, of Arizona, Division 2.

Jan. 22, 1975.

Rehearing Denied Feb. 26, 1975.

Review Denied April 1, 1975.

Bruce E. Babbit, Atty. Gen., N. Warner Lee, Former Atty. Gen., by Shirley H. Frondorf, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant was indicted and found guilty of violating A.R.S. § 13–249, assault with a deadly weapon. He admitted a prior felony conviction for assault with a deadly weapon. A sentence of not less than twenty nor more than twenty-five years was imposed.

The facts are that on the night of January 20, 1974, appellant, while riding as a

passenger in a car, shot the driver of another vehicle while both were traveling on a freeway. The appellant was arrested on April 12, 1974, after a high-speed chase while driving his own car. When arrested, he volunteered the statement, "You have got me, let my wife go, she has nothing to do with it."

On appeal appellant asserts the following issues as grounds for reversal:

1. The trial court should have allowed the appellant to explain his prior felony conviction.

2. The trial court should not have admitted an oral statement made by the appellant to the police because it was not disclosed to defense counsel until five days prior to trial.

3. Cross-examination of a witness was improperly limited.

4. The trial court improperly refused to give appellant's requested instruction as to the credibility of an accomplice's testimony.

Upon review, we find no basis for reversal.

■ Appellant first asserts that it is the modern trend to allow brief explanations of prior felony convictions, citing Udall, Arizona Law of Evidence, § 67 (1960). The rule in Arizona is that a witness' credibility may be impeached by a prior felony conviction. State v. King, 110 Ariz. 36, 514 P.2d 1032 (1973). The issue of whether the witness should be allowed to explain prior felony convictions has been raised but not expressly ruled upon in Arizona. State v. Weis, 92 Ariz. 254, 375 P. 2d 735 (1962). Appellant relies upon numerous federal cases to support his proposition that a better procedure would be to allow witnesses to explain prior felony convictions.[1] A closer analysis of the cases shows that the federal courts have merely found that this is a matter solely within the trial court's discretion, United

States v. King, 452 F.2d 778 (10th Cir. 1972), and has never been a basis for reversal.

■ Although cognizant of the fact that other jurisdictions allow the witness to explain prior felony convictions, we are of the opinion that the better view is to disallow such explanations. The reason behind this conclusion is that to allow the defendant or another witness to explain the prior felony would merely open up a reinvestigation of the former case. The obvious consequences would be confusion and doubt regarding a matter previously tried. *See,* Annot., 166 A.L.R. 211, at 242 (1947).

Secondly, appellant asserts that the prosecution, although adhering to the letter of the law, did not comply with the spirit of Rules 15.1(a)(2) and 15.4(a), Rules of Criminal Procedure, 17 A.R.S. Specifically, appellant contends that the statements he made upon being arrested should have been disclosed to defense counsel by the prosecution pursuant to Rule 15.1(a)(2), Rules of Criminal Procedure, 17 A.R.S. And, that the alleged breach of the spirit of the criminal rules of discovery should have resulted in the trial court imposing sanctions pursuant to Rule 15.7.

■ Rule 15.4(a) defines "statement" as either a writing signed by a person, recording of a person's oral communication, and a writing containing a verbatim record or summary of that person's oral communication. Thus, Rule 15.4(a) seems to encompass only those statements which are recorded in some manner. In the instant case the arresting police officer did not incorporate into his written arrest report the oral statement made by the appellant. The prosecution did disclose to the appellant the nature of the statement five days prior to trial in spite of the fact that the oral statement did not fall specifically within the ambit of Rule 15.4(a).

We fail to see how the trial court abused its discretion by failing to impose any

---

1. *See,* United States v. Boyer, 80 U.S.App. D.C. 202, 150 F.2d 595 (1945) ; Dryden v. United States, 237 F.2d 517 (5th Cir. 1956) ; United States v. Crisafi, 304 F.2d 803 (2d Cir. 1962) ; United States v. Harris, 409 F. 2d 77 (4th Cir. 1969).

**68**

sanctions in view of the fact that the appellant's oral statement does not fit within the context of Rule 15.4(a). Thus, we find this argument to be without merit. It should be noted that by this conclusion we do not intend to encourage the police to make less than full and accurate reports of what an individual states. If the police were to engage in any intentional act to avoid disclosure of material evidence, we would be compelled to reach a contrary result.

Third, appellant asserts that he should have been allowed to more extensively cross examine Deborah Pardee, who testified that he had told her he shot a man on the highway. The witness testified that she disclosed this information only after having been harassed by a member of the Sheriff's Department. Appellant argues that he should have been allowed to examine the witness more fully as to the extent of the harassment.

 Appellant properly asserts that within the discretion of the court wide latitude is permitted a criminal defendant in cross-examining a witness. State v. Reynolds, 104 Ariz. 149, 449 P.2d 614 (1969). However, a reading of the record fails to disclose any abuse of discretion by the trial court. Indeed, it appears that defense counsel examined the witness thoroughly as to the nature and extent of the harassment directed against her.

An objection was made and sustained as to a question regarding the nature of a complaint filed by the witness with the Sheriff's Internal Affairs Department. Although the response may have been relevant, we do not regard the failure to allow an answer to this one question as being materially prejudicial in view of the extensive and specific description given by the witness of various harassing activities. Cf., Riley v. State, 50 Ariz. 442, 73 P.2d 96 (1937); State v. Sayre, 14 Ariz.App. 390, 483 P.2d 803 (1971), vacated on other grounds, 108 Ariz. 14, 492 P.2d 393 (1972).

Finally, appellant asserts that it was error for the trial court to refuse the following instruction:

"It is the law that the testimony of an accomplice ought to be viewed with distrust. This does not mean that you may arbitrarily disregard such testimony, but you should give to it the weight which you find it to be entitled after examining it with care and caution and in light of all the evidence in the case."

This argument is without merit because in State v. Hanshe, 105 Ariz. 396, 466 P.2d 1 (1970), the Arizona Supreme Court rejected a similar instruction and we are bound to adhere to that decision.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.