Frank Antonio PAVAO,
Plaintiff-Appellant,

v.

Harold J. CARDWELL, Warden, Arizona State Prison, Defendant-Appellee.

No. 76–3604.

United States Court of Appeals,
Ninth Circuit.

Aug. 30, 1978.

Rehearing Denied Oct. 10, 1978.

Before CHAMBERS and HUG, Circuit Judges, and FERGUSON,* District Judge.

PER CURIAM:

Appellant, a State prisoner, was convicted in 1974 of assault with a deadly weapon. There was strong evidence that he was a passenger in a car driven by a man named Osco, that he became angered by another motorist, and drew a gun and shot him from the car window. The victim lived despite a gunshot wound that penetrated to within a fraction of an inch from his heart. Appellant (who had previously been convicted elsewhere of assault with a deadly weapon) was sentenced to from 20 to 25 years. His petition to the district court for a writ of habeas corpus raised a variety of claims, several of which have been waived on appeal.[1] The three issues raised on the appeal are that he was improperly denied an evidentiary hearing on his claim that Osco perjured himself, that a statement made by him at the time of his arrest was improperly admitted into evidence, and that portions of the presentence report were not disclosed to him.

The claim of perjury was first made to the Arizona Court of Appeals in a collateral attack under Rule 32 of the Arizona Rules of Criminal Procedure, after appellant's conviction had been affirmed in *Arizona v. Pavao*, 23 Ariz.App. 65, 530 P.2d 911 (1976). On the Rule 32 motion, the State court held that no material issue of fact or law was presented; The district court agreed with the State court—as we do.

■ The affidavit offered by appellant to support his claim of perjury stated that a few days before he was sentenced his wife

---

* The Honorable Warren J. Ferguson, United States District Judge for the Central District of California, sitting by designation.

1. Issues not argued on appeal include appellant's assertions in relation to admission of evidence that he operated a massage parlor, coercion of the testimony of witness Pardee, a lack of opportunity to explain his prior conviction, failure of the prosecution to inform him in a timely manner of their intended use of his statement made when he was arrested, limitation of cross-examination of Pardee, and instructions on accomplice testimony and on the statement made by him when he was arrested.

told him that Osco had told her that he (Osco) had testified only "to get the police off his back," that he was surprised that appellant had been convicted, and that he had perjured himself at the trial. Appellant offered no affidavit of his wife or of Osco, and no explanation of his failure to do so. His petition on this issue is no more than a recitation of conclusory statements based on double hearsay. It is not a statement of "facts" constituting grounds for relief in a federal habeas corpus proceeding. See *Schlette v. California*, 284 F.2d 827 (9th Cir. 1960); *Lee v. Wilson*, 363 F.2d 824 (9th Cir. 1966). Moreover, the petitioner was required to allege facts showing that there was a *knowing* use of the perjured testimony by the prosecution. *Napue v. Illinois*, 360 U.S. 264, 73 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Evans v. Eyman*, 363 F.2d 540 (9th Cir. 1966). He has not done so. On the contrary, in one of his briefs he states a theory that the prosecution should have known that Osco's testimony was impeached and thus that he was perjuring himself; the prosecution was therefore at fault because it made "no effort to determine whether or not Danial [sic] Osco had indeed perjured himself at petitioner's trial." There was no need for an evidentiary hearing on this issue.

■ Appellant's second argument on appeal is that a statement made by him at the time of his arrest was admitted into evidence without sufficient foundation that it complied with the requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record of the State trial discloses that appellant was arrested as he was attempting to flee Tucson with his wife. There was a 90 m. p. h. automobile chase and he was forced to stop at gun point. He was ordered out of the car and told to lie on the ground, presumably for security purposes.[2] Simultaneously, and without having been asked any questions by the police, he stated to them, "You have got me. Let my wife go. She had nothing to

do with it." This was a volunteered statement and the rule of *Miranda* has no application. Appellant argues that the policeman had his foot on appellant's back at the time; the officer testified that he could not recall having put his foot on appellant's back. The record does not permit us to infer that there was coercion or excessive force even if appellant's testimony were accepted on this point.

■ Appellant's final argument is that failure to disclose certain portions of the presentence report was a denial of his rights, citing *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), a death penalty case. A segment of the report was excised in this case on the ground that it would disrupt an existing police investigation; the sentencing judge also received a summary and recommendation from the probation officer which he did not disclose to the defense. Rule 26.6 of the Arizona Rules of Criminal Procedure permits the procedure adopted by the sentencing judge. In refusing to disclose these portions of the presentence report the judge gave his reasons for doing so and he stated, very clearly, that the excised portions had not entered into his judgment in any way as he considered the sentence that appellant was to receive. We consider this non-death penalty case to be distinguishable from *Gardner v. Florida.*

Affirmed.

---

**2.** A warrant had been issued for appellant's arrest and at the time he was arrested he and his wife were in the process of leaving Tucson "fast" because he knew of the warrant. Appel-

lant had previously been convicted of assault with a deadly weapon. At the trial there was testimony that he was familiar with guns and had several at his place of business.