**In the Matter of the Welfare of G. S. J.**

**No. 49236.**

Supreme Court of Minnesota.

July 13, 1979.

---

4. Respondents paid her dependent's benefits at $50 weekly, which represents the statutory 66⅔ percent of the $75 wage. See, Minn.St. 176.111, subd. 8, which sets forth 66⅔ percent of the daily wage at the time of injury for a spouse with two dependent children.

J. Craig Boone, Legal Rights Center, Inc., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Asst. County Atty., Appellate Division, David W. Larson and Thomas A. Weist, Asst. County Attys., Minneapolis, for respondent.

Heard before SHERAN, C. J., and TODD and SCOTT, JJ., and considered and decided by the court en banc.

TODD, Justice.

The petition, involving G. S. J., a juvenile, alleging aggravated robbery, was found to be true. At the dispositional hearing, the probation officer submitted a report and an oral statement. Counsel for the juvenile requested the right to cross-examine the probation officer, which was refused. The district court affirmed the juvenile court's proceedings and sentence. The juvenile claims that his statutory and constitutional rights of cross-examination were violated. We affirm.

G. S. J. participated in an aggravated robbery with two other individuals. At the time of the robbery, G. S. J. was a minor with a history of juvenile problems. The robbery was brutal in that it involved the beating and kicking of a 60-year-old man who was hospitalized as a result of the attack. The petition was found to be true. At a subsequent dispositional proceeding, the defense counsel for the juvenile requested that the probation officer be sworn as a witness and be subjected to cross-examination. The referee refused to do this and advised counsel for the juvenile that the proceedings were informal. The referee further stated that he would listen to the testimony of any witness, but would not require that he or she be sworn under oath. Subsequently, the juvenile's counsel again asserted his claim of right to cross-examine the probation officer. The referee again declined to grant cross-examination, but stated that the juvenile's counsel could direct cross-examination questions to the referee. Counsel declined this offer and produced witnesses who gave statements tending to refute some of the statements of the probation officer.

At the conclusion of the proceedings, the referee stated:

"* * * I'm going to order * * * that you are committed to the Commissioner of Corrections at Red Wing. * * * I have to respond to these serious types of offenses and the fact that there have been a number of law violations by you in the past and I think this does indicate that commitment to Red Wing is appropriate for you."

On appeal, the district court affirmed the referee's order. The juvenile then appealed to this court. The issues raised are:

(1) Was the juvenile denied a statutory right to cross-examine the probation officer at the dispositional hearing?

(2) Was the juvenile denied a constitutional right to cross-examine the probation officer at the dispositional hearing?

1. The juvenile's claim to a statutory right of cross-examination of witnesses at a dispositional hearing is based upon Minn.St. 260.155, subd. 6, which provides:

"The minor and his parent, guardian, or custodian are entitled to be heard, to present evidence material to the case, and to cross examine witnesses appearing at the hearing."

The district court concluded that this provision applied only to "adjudicative" hearings rather than "dispositional" hearings. We conclude that this interpretation is too narrow.

Minn.St. 260.155, of which subd. 6 is a part, applies to juvenile hearings in general except where specifically limited. There is nothing in subd. 6 limiting its provision to adjudicative hearings.

The juvenile court rules for Hennepin County do not expressly provide for cross-examination pursuant to § 260.155, subd. 6.[1] However, the Minnesota Juvenile Court Rules, which apply to juvenile proceedings in all counties except Hennepin and Ramsey, apparently contemplate cross-examination. Minn.J.C.R. 6–3 provides in part:

"All dispositional hearings before the juvenile court shall be conducted in accordance with MSA § 260.155."

This would include cross-examination under § 260.155, subd. 6. Thus, Minn.J.C.R. 6–3 supports the conclusion that cross-examination is allowed, even though Rule 6–3 does not directly apply to proceedings in Hennepin County.

 We hold that juveniles are entitled to a form of cross-examination by statutory right at dispositional hearings. However, the form of cross-examination need not be the traditional trial form of cross-examination. The referee relied on Hennepin County Juvenile Rule 5.23, which provides:

1. Relevant portions of the Hennepin County Juvenile Rule provide as follows: "* * * The disposition hearing will commence with a summary of the pre-disposition report and thereafter every party present, whether or not represented by counsel, will be urged personally to comment on the pre-disposition report and to suggest changes, additions, and deletions in it and to react to the comments and suggestions of others present." Rule 5.22.

"Dispositional hearings will be conducted in an informal manner designed to facilitate equal opportunity for all participants to be heard."

Similarly, Minn.St. 260.155, subd. 1, provides in part:

"* * * hearings on any matter * * may be conducted in an informal manner."

Thus, the method adopted by the referee of requesting the juvenile's counsel to first direct his cross-examination questions to the court was consistent with the requisites of informality set forth in the rule and statute. Counsel for the juvenile having declined to exercise the right granted by the referee cannot now assert that the juvenile was denied his statutory right of informal cross-examination.

■■ 2. Having concluded that the juvenile was offered informal cross-examination consistent with the statutory requirements, we need not consider whether, and to what extent, a constitutional right of cross-examination exists at juvenile dispositional hearings. Assuming arguendo that due process safeguards apply to the dispositional stage, at most the juvenile is constitutionally entitled to deny or explain adverse matters. *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); *Orner v. United States*, 578 F.2d 1276, 1279 (8 Cir. 1978). But, see, *Pavao v. Cardwell*, 583 F.2d 1075, 1077 (9 Cir. 1978); *United States v. Woody*, 567 F.2d 1353, 1358, n. 8 (5 Cir.), certiorari denied, 436 U.S. 908, 98 S.Ct. 2241, 59 L.Ed.2d 484 (1978). The right of informal cross-examination offered by the juvenile court in this case was more than adequate to satisfy this alleged constitutional right.

Affirmed.

SCOTT, Justice (concurring specially).

Although I agree that this matter should be affirmed, I cannot concur in that portion of the majority opinion which holds that Minn.St. 260.155, subd. 6, affords the juvenile a statutory right to cross-examine witnesses at a dispositional hearing. For the

reasons given below, I would affirm the district court's ruling that this statutory provision applies only to adjudicative hearings wherein the juvenile court's jurisdiction is determined.

The majority holding relies heavily on the fact that "[t]here is nothing in subd. 6 [of Minn.St. 260.155] limiting its provision to adjudicative hearings." While I agree that there is no limiting language on the face of the statute itself, it must be noted that § 260.155 appears in that portion of Ch. 260 which sets forth procedures for determining the jurisdiction of the court over the juvenile. In a subsequent portion of Ch. 260 dealing expressly with dispositions, the legislature has provided quite simply that:

"Before making a disposition in a case, or terminating parental rights, or appointing a guardian for a child the court may consider any report or recommendation made by the county welfare board, probation officer, or licensed child placing agency, or any other information deemed material by the court." Minn.St. 260.181, subd. 2.

Conspicuously absent is any provision according the juvenile the right to cross-examine the persons furnishing this information. Thus, I cannot agree that the juvenile has a statutory right to cross-examine the probation officer at the disposition hearing.[1]

Absent a statutory right of cross-examination, the majority would concede that no such right is mandated by the United States Constitution. See, *Gardner v. Florida*, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The logic of these holdings is apparent. As was noted by Mr. Justice Black in *Williams, supra*:

"* * * the modern probation report draws on information concerning every aspect of a defendant's life. The type and extent of this information make totally impractical if not impossible open court testimony with cross-examination. Such a procedure could endlessly delay criminal administration in a retrial of col-

---

1. As noted by the majority, this right is similarly not provided for by the pertinent local rule.

See, Rule 5.22, Hennepin County Juvenile Court Rules.

lateral issues." 337 U.S. 250, 69 S.Ct. 1084, 93 L.Ed. 1343 (footnote omitted).

For these same reasons, I feel it unwise to enlarge the scope of Minn.St. 260.155, subd. 6, so as to permit cross-examination of probation officers at dispositional hearings.

KELLY, Justice (concurring specially).

I join in the special concurring opinion of SCOTT, J.

PETERSON, Justice (concurring specially).

I join in the concurring opinion of SCOTT, J.

ROGOSHESKE, Justice (concurring specially).

I join in the special concurrence of SCOTT, J.