621 P.2d 26

**STATE of Arizona, Appellee,**

v.

**John Edward BUSSDIEKER, Appellant.**

**No. 5091.**

Supreme Court of Arizona,
In Banc.

Dec. 3, 1980.

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Bruno & Weisberg, P. C., by Frank C. Nielsen, Kingman, for appellant.

CAMERON, Justice.

Defendant, John Edward Bussdieker, was convicted by a jury of obstructing a criminal investigation in violation of A.R.S. § 13–2409 and of attempted theft in violation of A.R.S. §§ 13–1001 and 13–1802. Defendant was sentenced to concurrent prison terms of four years for attempted theft and two years for obstructing a criminal investigation. Defendant now appeals both convictions. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Defendant raises two questions on appeal:

1. Did the State of Arizona have jurisdiction to prosecute defendant for attempted theft, and, if so, was Mohave County the appropriate county in which to try defendant?

2. Did the trial judge improperly refuse defendant's requested instructions on accomplice testimony?

The facts necessary to a resolution of these issues are as follows. Early in the morning of 17 February 1979, defendant; his nephew, Jerry Bussdieker; and his nephew's wife, Deborah Bussdieker; left Lake Havasu City to go hunting. Defendant drove his Ford Courier pickup to a point 40 miles northwest of Needles, California. Jerry Bussdieker and his wife followed defendant in their Chevrolet Blazer. At this site, defendant alone, or with the help of the younger Bussdiekers, removed from the Ford Courier the rear tires and wheels, the radio, the heater, and the dashboard. These items were then loaded into the Chevrolet Blazer. Defendant then shot the Courier numerous times with a shotgun. At this time defendant made a comment to the effect that he wanted to collect the insurance money for the truck. Defendant and the younger Bussdiekers then returned to Lake Havasu City in the Blazer leaving the Courier in the California desert. Sometime that evening, the parts stripped from the Courier were unloaded by defendant at the younger Bussdiekers' mobile home in Lake Havasu City.

The following day, 18 February 1979, defendant called the Mohave County Sheriff's Department from Lake Havasu City to report that he had been assaulted. Deputy Sheriff Julius Rua met with defendant in the Melody Lounge in Lake Havasu City. Defendant stated that at approximately 11:30 p. m. on 17 February 1979, he had been struck from behind and rendered unconscious in the parking lot of a bar in Lake Havasu City. He stated that he regained consciousness at about 5:00 a. m., finding himself in the Arizona desert near Lake Havasu City clothed only in his shorts. Defendant submitted to Deputy Sheriff Rua a list of missing property including the 1972 Ford Courier pickup valued by defendant at two thousand dollars.

On 22 February 1979, the Mohave County Sheriff's Department was informed that the pickup had been found in the California desert. Sometime before the afternoon of 23 February 1979, defendant, in Arizona, called his insurance company, located in California, to make a claim for the value of the Courier. On 23 February 1979, Detective Kris Knudtson reinterviewed defendant concerning the alleged assault, and defendant repeated his story. Later that day the parts stripped from the pickup were discovered at the younger Bussdiekers' mobile home, and defendant was placed under arrest.

Defendant was subsequently tried in Mohave County for attempted theft and obstructing a criminal investigation. Defendant appeals the convictions that resulted from these charges.

## JURISDICTION

Defendant initially argues that the State of Arizona lacked subject matter jurisdiction of the offense of attempted theft, and, consequently, the trial judge improperly denied defendant's motion for directed verdict of acquittal on the attempted theft charge at the conclusion of the State's case. Our jurisdictional statute provides in pertinent part:

"A. This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if:

1. Conduct constituting any element of the offense or a result of such conduct occurs within this state;

\* \* \* \*"

A.R.S. § 13–108.

█ There is no question that an attempted theft was committed. A.R.S. § 13–1001. The question before this court is whether "any element of the offense" occurred in Arizona.

We believe the State has shown that one or more elements of the offense were in fact committed in Arizona. It is apparent from the start that the attempted theft was planned in Arizona. The decision to take the two vehicles from Arizona to California, to leave the stripped pickup in California and return to Arizona with the excess parts of the pickup, undoubtedly occurred in Arizona. In addition to formulating the intent in Arizona to do these things, defendant stored the excess parts with his nephew in Lake Havasu City and made a report to the Lake Havasu City police which was designed to lead both them and defendant's insurance company to believe that the pickup was stolen. All of these facts show that elements of the crime occurred in Arizona. Another element of the crime that occurred in Arizona was the false claim defendant made to his insurance company for the value of the pickup by telephone from Arizona. Even though the State, in its case–in–chief, did not present evidence that the false insurance claim was made in Arizona, this deficiency in the State's evidence was supplied by the defendant when he testified on cross–examination during his defense. We have stated:

"In regard to defendant's motion at the close of the state's case the law is well settled that by going forward and presenting his case defendant has waived any error in the denial of such motion, if any deficiencies in the evidence in the state's case are supplied when defendant's case is presented." *State v. Bustamante,* 103 Ariz. 551, 553, 447 P.2d 243, 245 (1968); see *State v. Hanshe,* 105 Ariz. 396, 466 P.2d 1 (1970); *State v. Adrian,* 24 Ariz.App. 344, 538 P.2d 773 (1975).

The testimony of the defendant clearly shows intentional steps in a course of conduct planned to result in commission of theft. The false insurance claim was made "within the state." See *State v. Phillips,* 102 Ariz. 377, 430 P.2d 139 (1967). Consequently, the State of Arizona had jurisdiction to prosecute defendant for attempted theft.

█ Defendant also argues that venue was improper in Mohave County. Our venue statute provides in relevant part:

"A. Criminal prosecutions shall be tried in the county in which conduct constituting any element of the offense or a result of such conduct occurred, unless otherwise provided by law.

"B. The following special provisions apply:

\* \* \* \* \* \*

7. A person who commits a preparatory offense may be tried in any county in which any act that is an element of the offense, including the agreement in conspiracy, is committed.

\* \* \* \*"

A.R.S. § 13–109.

The false police report and the false insurance claim were acts committed in Lake Havasu City, Mohave County. We take judicial notice, as did the trial court, that Lake Havasu City is in Mohave County. We find no error.

### CAUTIONARY INSTRUCTION

■ Finally, defendant challenges the trial court's refusal to give a cautionary instruction on accomplice testimony and claims it was error. Defendant requested that one of the following requested instructions be given:

"An accomplice is a person who helped commit a crime, or advised or encouraged a person to commit a crime. You must determine whether any witness in this case is an accomplice.

"The evidence of an accomplice *should be received with great caution.*" Derived from former R.A.J.I. Criminal Standard 13 (1974). (emphasis supplied)

"*The testimony of an accomplice ought to be viewed with distrust.* This does not mean that you may arbitrarily disregard such testimony, but you should give to it the weight to which you find it to be entitled after examining it with *care and caution* and in the light of all the evidence in the case.*" CALJIC, Instruction No. 3.18 (1979). (emphasis supplied)

Defendant cites *State v. Sheldon,* 91 Ariz. 73, 369 P.2d 917 (1962), as supporting the propriety of giving a cautionary instruction on accomplice testimony. Subsequent to *Sheldon,* we upheld a refusal by a trial judge to give a cautionary instruction nearly identical to CALJIC Instruction No. 3.18 because "it is not the law in Arizona that the jury should be instructed to regard [an accomplice's] testimony with distrust." *State v. Hanshe,* supra, 105 Ariz. 396, 399, 466 P.2d 1, 4 (1970). See *State v. Pavao,* 23 Ariz.App. 65, 530 P.2d 911 (1975). We believe *State v. Hanshe,* supra, overruled anything in *State v. Sheldon,* supra, implying that accomplice testimony must be viewed "with caution."

Our more recent cases have made it clear that a cautionary instruction of this type is a comment on the evidence. *State v. Baumann,* 125 Ariz. 404, 610 P.2d 38 (1980); *State v. Settle,* 111 Ariz. 394, 531 P.2d 151 (1975); *State v. Rogers,* 4 Ariz.App. 198, 419 P.2d 102 (1966). See Article 6, § 27, Arizona Constitution. And most recently we have stated:

"Defendant's suggested instruction Number 9 read as follows:

'The testimony of any witness whose self–interest or attitude is shown to be such as might tend to prompt testimony unfavorable to the accused, should always be considered with caution and weighed with great care.'

"This instruction was properly refused as an improper comment on the evidence. (citations omitted)." *State v. Gretzler,* 126 Ariz. 60, 89, 612 P.2d 1023, 1052 (1980).

We have reviewed the record for fundamental error as required by A.R.S. § 13–4035; *State v. Powell,* 5 Ariz.App. 51, 423 P.2d 127 (1967), and we find no reversible error.

The convictions and sentences for attempted theft and obstructing a criminal investigation are hereby affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concur.